UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODIS WILLIAMS,

       Plaintiff,

v.

                                                         Case No. 11-11938
                                                         Honorable Patrick J. Duggan

U.S. DEPARTMENT OF VETERAN
AFFAIRS, BANK OF AMERICA, N.A.,
WELLS FARGO BANK, N.A., JEANE M.
KIVI a/k/a JEANNE M. KIVI,
TROTT & TROTT, P.C., RALPH
LEGGAT, WAYNE COUNTY SHERIFF'S
DEPARTMENT, MORTGAGE INVESTORS
CORPORATION, MORTGAGE ELECTRONIC
SERVICES, SUSAN BETH FALSETTI,
RACHEL STARKS, CNA SURETY, and
THOMAS J. SNYDER,

       Defendants.
_____/

## OPINION AND ORDER

       Plaintiff Theodis Williams ("Plaintiff") initiated this *pro se* action against Defendants on May 3, 2011, by filing a pleading entitled "Veteran's Complaint for Rescission of Mortgage and Restitution and Claim" and multiple documents. Plaintiff has paid the filing fee to pursue this action. Presently before the Court are motions to dismiss and/or for summary judgment filed by (1) Bank of America, N.A. on May 24, 2011 (Doc. 2); (2) Jeanne M. Kivi and Trott & Trott, P.C. on May 24, 2011 (Doc. 3); (3) CNA Surety and Thomas J. Snyder on July 6, 2011 (Doc. 12); (4) Mortgage Electronic Registration

Services, Inc. ("MERS")[1] and Wells Fargo Bank, N.A. on July 7, 2011 (Doc. 13); (5) Mortgage Investors Corporation on August 17, 2011 (Doc. 23); (6) United States Department of Veterans Affairs on August 23, 2011 (Doc. 29); and (7) Susan B. Falsetti and Rachel Starks on August 26, 2011 (Doc. 30). After receiving several extensions of time to respond to Defendants' motions, Plaintiff filed a response to the motion filed by Kivi and Trott & Trott on September 29, 2011. (Doc. 33.) Plaintiff filed an "Amendment of Answer" to the same motion on October 19, 2011. (Doc. 36.) Plaintiff has not responded to the other pending motions. This Court concludes that oral argument will not aid in its disposition of the pending motions; therefore, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

## Standard for Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, – U.S. – , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1974 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the

---

[1] MERS is incorrectly identified in the caption of Plaintiff's Complaint as "Mortgage Electronic Services."

2

defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). This plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). Even so, "the pleading must contain more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at 1965. A plaintiff has the duty to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 662, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965).

Compared to formal pleadings drafted by lawyers, a generally less stringent standard is applied when construing the allegations pleaded in a pro se complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972). Nevertheless, pro se plaintiffs still must provide more than bare assertions of legal conclusions. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). As the Sixth Circuit has stated,

> The leniency granted to pro se [plaintiffs] . . . is not boundless. . . . the "leniency standard" has still required basic pleading standards. . . . Arguably, hanging the legal hat on the correct peg is such a standard, and liberal construction does not require a court to conjure allegations on a litigant's behalf.

*Martin v. Overton*, 391 F.3d 710, 714 (2004) (internal quotation marks and citations omitted).

### Plaintiff's Complaint

Plaintiff's twenty-six page Complaint is filled with historical prose, streams of incoherent ramblings, and nonsensical citations to various actual and imagined legal authorities. Absent from the Complaint is "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief," as required under Federal Rule of Civil Procedure 8. The Complaint is further devoid of "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). What facts can be gleaned from the Complaint do not support any of the causes of action tossed about by Plaintiff or, in fact, any cause of action.

In response to the motion to dismiss and for summary judgment filed by Kivi and Trott & Trott, Plaintiff asks:

> Why should any of the defendant's [sic] be released or excused from this action without first clarification of whose liability belongs to whom, who is who that did what with whomever and whom else unknown to us was involved and may be liable too?

(Doc. 36 ¶ 4.) These questions however– aside from the question of why any of the

defendants should be released or excused– are precisely the questions that should be answered *by Plaintiff* in *his Complaint*. Even a liberal reading of Plaintiff's Complaint does not provide the answers or even suggest what the answers might be. Plaintiff has not submitted anything to this Court suggesting that, if granted leave to amend his Complaint, he could satisfy Rule 8's pleading requirements.

Defendants indicate that this action arises from foreclosure and subsequent eviction proceedings related to Plaintiff's property in Detroit, Michigan, after he defaulted on a loan obtained from Mortgage Investors Corporation in April 2005. According to Defendants, the loan in the amount of $127,150 was used to refinance the premises and was secured by a mortgage on the property. (Doc. 2 Exs. A, B.) Wells Fargo held the interest in the mortgage as of March 23, 2006. (*Id.* Ex. C.) The property was sold at a sheriff's sale on October 29, 2009, with Wells Fargo as the successful bidder. (*Id.* Ex. P.) The redemption period expired on April 29, 2010. Eviction proceedings were pending when Plaintiff filed this lawsuit on May 3, 2011.

Apparently Plaintiff previously used bankruptcy filings to stall the foreclosure and eviction proceedings. However, on October 7, 2010, the Bankruptcy Court for the Eastern District of Michigan entered an order barring Plaintiff from filing a Chapter 7 bankruptcy for three years or a Chapter 13 bankruptcy for six years. (Doc. 2 Ex. U.) To the extent Plaintiff's Complaint could be construed as an attempt to challenge or evade the foreclosure and/or eviction proceedings, he fails to state a claim upon which relief may be granted. After the redemption period expired, Plaintiff lost standing to make any

claims concerning the property. *Overton v. Mortgage Electronic Registration Systems*, N0. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009) (citing *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187, 4 N.W.2d 514 (1942); Mich. Comp. Laws § 600.3236).

### Defendants Wayne County Sheriff's Department and Ralph Leggat

Only two defendants have not responded to Plaintiff's Complaint: the Wayne County Sheriff's Department and Ralph Leggat.[2] While Plaintiff's Complaint also fails to state a claim against these defendants, "[a]s a general rule, 'a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff opportunity to amend the complaint.'"[3] *Wagenknecht v. United States*, 533 F.3d

---

[2] Plaintiff filed a Return of Service reflecting that he sent the Summons and a copy of the Complaint to the Wayne County Sheriff's Department and Leggat via United States Certified Mail and that the delivery was received by "S. George" on June 28, 2011. (Doc. 24 at 23.) This method of service fails to comport with the Federal Rules of Civil Procedure or the Michigan Court Rules. *See* Fed. R. Civ. P. 4(e), (j)(2); M.C.R. 2.105(A), (G). As such, Plaintiff has failed to properly serve the Wayne County Sheriff's Department or Ralph Leggat within 120 days after his Complaint was filed (i.e. or by August 31, 2011). While this provides a basis for the Court to *sua sponte* dismiss Plaintiff's Complaint against these defendants without prejudice, *see* Fed. R. Civ. P. 4(m), the Court concludes that it may be dismissed with prejudice on a different basis. *See infra*.

[3] The Sixth Circuit has instructed:

[W]hen "faced with a complaint which it believes may be subject to dismissal," a district court must: "(1) allow service of the complaint upon the defendant; (2) notify all parties of its intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to the
(continued...)

412, 417 (6th Cir. 2008) (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999)).

Nevertheless, there is "a small exception" to this rule:

> "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of the complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."

*Id.* (quoting *Apple*, 183 F.3d at 479); *see also Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction). For the reasons discussed in the preceding section, this Court believes that this is a case where the exception applies.

## Conclusion

For the reasons discussed above, the Court concludes that Plaintiff's Complaint fails to state a claim upon which relief may be granted.[4] The Court therefore is granting the motions to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Bank

---

[3](...continued)
reasons stated by the district court in its notice of intended sua sponte dismissal; (4) give the defendant a chance to respond or file an answer or motions; and (5) if the claim is dismissed, state its reasons for the dismissal."

*Wagenknecht*, 533 F.3d at 417 (quoting *Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983)).

[4]Some of the defendants assert alternative arguments in support of their motions to dismiss and/or for summary judgment (e.g. statute of limitations). The Court, however, finds it unnecessary to address these arguments.

of America (Doc. 2), Kivi and Trott & Trott (Doc. 3), CNA Surety and Snyder (Doc. 12), MERS and Wells Fargo Bank (Doc. 13), Mortgage Investors Corporation (Doc. 23), the United States Department of Veterans Affairs (Doc. 29), and Falsetti and Starks (Doc. 30). Because Plaintiff's submissions indicate that he could not allege viable claims against Defendants even if provided to opportunity to do so, the Court is dismissing his Complaint against the above defendants with prejudice. Further, due to the fact that the allegations in the Complaint are totally implausible, unsubstantial, frivolous, and/or devoid of merit, the Court is *sua sponte* dismissing the Complaint with respect to the Wayne County Sheriff's Department and Legatt pursuant to Federal Rule of Civil Procedure 12(b)(1).

Accordingly,

**IT IS ORDERED**, that the motions to dismiss filed by Defendants U.S. Department of Veterans Affairs, Bank of America, N.A., Wells Fargo Bank, N.A., Jeane M. Kivi a/k/a Jeanne M. Kivi, Trott & Trott, P.C., Mortgage Investors Corporation, Mortgage Electronic Registration Services, Inc., Susan Beth Falsetti, Rachel Starks, CNA Surety, and Thomas J. Snyder are **GRANTED** and Plaintiff's Complaint against these defendants is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(6);

**IT IS FURTHER ORDERED**, that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** against the Wayne County Sheriff's Department and Ralph Leggat pursuant to Federal Rule of Civil Procedure 12(b)(1).

Dated: October 27, 2011                    s/PATRICK J. DUGGAN
                                                          UNITED STATES DISTRICT JUDGE

Copies to:
Theodis Williams
19394 Goulburn Street
Detroit, MI  48205

Julia A. Caroff, Esq.
Jessica L. Berg, Esq.
Michelle T. Thomas, Esq.
Matthew J. Boettcher, Esq.
Jason P. Klingensmith, Esq.
Byron P. Gallagher Jr., Esq.
Michael S. Hill, Esq.
Omar J. Harb, Esq.